UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| QUINN JAMES, individually and as Representative of a Class of Similarly Situated Individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:07CV709 HEA |
| HMO MISSOURI, INC.-BLUECHOICE | ) ) ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 9]. Plaintiff opposes the motion and has filed a written response thereto. Defendant filed its reply. Plaintiff has filed a sur-reply and the matter is therefore fully briefed. For the reasons set forth below, the Motion is granted, however, Plaintiff is given leave to file an Amended Complaint.

Plaintiff filed this action in the Circuit Court for the City of St. Louis, Missouri on February 8, 2007. Plaintiff's Petition alleges that Defendant has violated and continues to violate, Missouri Code of State Regulation 20 CSR 400-7.100 which prohibits Defendant from charging a co-pay greater than fifty percent of any single health care service. Plaintiff alleges that he sought services from a medical provider for his son under Defendant's Health Maintenance Organization

which charges a co-payment greater than fifty percent of the total cost of providing the service. Plaintiff's claims are brought under state law theories of breach of contract, negligence per se and unjust enrichment.

On April 4, 2007, Defendant filed its Notice of Removal. Defendant removed the case to this Court based upon federal question jurisdiction. As grounds therefore, Defendant asserts that Plaintiff's claims arise pursuant to an employee welfare benefit plan governed exclusively by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.*, (ERISA).

Defendant now moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that Plaintiff's claims are cognizable, if at all, only under the exclusive remedy provisions of ERISA. That is, Defendant urges that Plaintiffs claims are completely preempted by ERISA. Since the current state of Plaintiff's cause of action does not set forth any allegations of an ERISA claim, Defendant moves to dismiss this matter in its entirety. As an alternative argument, Defendant asserts that, in the event that Plaintiff's claims are analyzed as arising under ERISA, Plaintiff's Complaint must be dismissed because it fails to allege exhaustion of administrative remedies.

Although Plaintiff does not agree with the various Court determinations that this type of action is preempted by ERISA, Plaintiff does recognize these holdings.

This Court is in agreement with those cases, see *Bridgeman v. Group Health Plan, Inc.*, Case No. 4:07CV292 TCM (E.D. Mo). Plaintiff therefore seeks to amend his Complaint in order to state a cause of action under ERISA.

While Defendant would have the Court dismiss this matter with prejudice, the Court is of the opinion that Plaintiff should be given the opportunity to set forth his claims under ERISA.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. 9], is granted to the extent that this matter is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff is given leave to file an Amended Complaint within 14 days from the date of this Order.

Dated this 13th day of July, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE