UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| QUINN JAMES, individually and as Representative of a Class of Similarly Situated Individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:07CV709 HEA |
| HMO MISSOURI, INC. – BLUE CHOICE. | ) ) ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Second Motion to Dismiss, [Doc. No. 20]. Plaintiff opposes the motion and has filed suggestions in opposition to Defendant's motion. Defendant filed a reply to Plaintiff's suggestions. Plaintiff then filed supplemental authority. Defendant responded to Plaintiff's submission of supplemental authority, and Plaintiff filed an additional reply thereto. For the reasons set forth below, Defendant's motion is granted.

Defendant moves to dismiss Plaintiff's Amended Complaint for failure to state a claim and, alternatively, Plaintiff's failure to exhaust administrative remedies as required by ERISA.

## Facts

Plaintiff's original complaint was filed in the Circuit Court of Jackson

County, Missouri on behalf of himself and other similarly situated BlueChoice plan participants and alleged Defendant's continuous violation of Missouri Code of State Regulation 20 CSR 400-7.100.  Recognizing that Plaintiff's claims seeking benefits under an employee welfare benefit plan fell under the scope of the Employee Retirement Income Security Act of 1974 (ERISA), Defendant filed a motion to remove the action to federal court.  Upon removal, this Court granted Defendant's Motion to Dismiss for failure to state a claim, but gave Plaintiff leave to file an Amended Complaint setting forth Plaintiff's claims under ERISA.  Plaintiff timely filed his Amended Complaint and Defendant now moves to dismiss the Amended Complaint for failure to state a claim and, alternatively, for failure to exhaust administrative remedies as required by ERISA.

     Defendant BlueChoice offers a health insurance plan, administered through a Health Maintenance Organization (HMO), which provides medical benefit coverage to employers and their employees.  In return for plan participants' payments of premiums (also, co-payments), Defendant pays for their medical services.  Defendant's coverage agreements provide that co-payment charges may not exceed fifty percent (50%) of the cost of providing any single service, nor may they cost in the aggregate more than twenty percent (20%) of the total cost of providing all basic health services.  Plaintiff receives health benefits from

Defendant through a health insurance plan established by Plaintiff's employer, James Chiropractic.

According to Plaintiff's Amended Complaint, Defendant has neither programmed its computers, nor have they established sufficient administrative procedures and processes, to ensure that the co-payments it demands from plan participants do not exceed the maximum allowable percentages under the plan. This failure has, allegedly, resulted in plan participants consistently paying more than required under the plan for all basic health services, including prescription medicine. Plaintiff's complaint repeatedly claims that Defendant has overcharged and plan participants have overpaid, but there are no allegations regarding a specific service for which Plaintiff was overcharged, dates on which Plaintiff was overcharged or he overpaid, or the amount Plaintiff was overcharged or he overpaid for a specific service.

Plaintiff's original complaint, previously filed in state court, was removed to this court on April 11, 2007. Not until April 5, 2007 did Plaintiff send a letter to Defendant on behalf of himself and all similarly situated plan participants requesting that Defendant cease charging co-pays in excess of the permissible amount and also that Defendant repay the money obtained plus interest from Plaintiff and other plan participants over the past ten years in violation of the plan

agreement. On May 7, 2007, Defendant responded to Plaintiff with a letter denying any violation of its plan agreements and refusing to repay any of the alleged overcharges.

## Discussion

The threshold question in this case, although not addressed by the parties, is whether this court has jurisdiction over the matters now before it. Standing to sue is a "jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *Medalie v. Bayer Corp.*, --- F.3d ---, 2007 WL 4554173, at *1 (8th Cir. Dec. 28, 2007) (quoting *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007)). The plaintiff has the burden of establishing standing; established by proving (1) that plaintiff has suffered an "injury-in-fact," (2) a causal connection between the injury and the conduct complained of, and (3) that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "If a plaintiff lacks standing, [this Court] has no subject matter jurisdiction." *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 801 (8th Cir. 2002). In this case, Plaintiff fails to establish the first element, "injury-in-fact."

"Injury in fact is an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Oti Kaga, Inc. v. South Dakota Housing Development Authority*,

342 F.3d 871, 878 (8th Cir. 2003) (quoting *Lujan*, 504 U.S. at 560) (internal quotations omitted). Plaintiff has failed to set forth sufficient allegations to assure this Court that it can properly exercise jurisdiction. Plaintiff raises concerns as to whether Defendant's insurance calculations are in compliance with ERISA; however, suspicion of a violation of the law is insufficient to establish standing. Plaintiff has averred he is covered by Defendant's HMO. However, there is nothing in Plaintiff's complaint that demonstrates that he was actually charged in excess of the permissible amount under the plan agreements.

Plaintiff's Complaint is therefore dismissed for lack jurisdiction. If this Court were to have found Plaintiff sufficiently proved standing, Plaintiff's Complaint would remain vulnerable to dismissal for failure to state a claim and/or for Plaintiff's failure to exhaust his administrative remedies as the Court will discuss hence.

## Standard of Review

The purpose of a motion to dismiss is to test the sufficiency of the complaint. On May 21, 2007, the Supreme Court determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* --- U.S. ---, ---, 127 S.Ct. 1955, 1960 (May 21, 2007). Noting the plaintiff's "obligation to provide the 'grounds' of his

'entitle[ment] to relief,' "the Supreme Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Supreme Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Bell Atlantic Corp*, 127 S.Ct. at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.*, 105 F.3d 394, 97 (8th Cir. 1997).

Plaintiff's Amended Complaint alleges that Defendant has imposed co-payment obligations in violation of the plan agreements. Nowhere in the

Complaint does Plaintiff allege facts sufficient to support a finding that he has been charged in violation of the plan agreements nor does he indicate how Defendant's computer programs and administrative procedures are inadequate to protect against overcharging its plan participants.  Plaintiff neither indicates which service(s) were provided for which Plaintiff seeks reimbursement, when such services were sought, or what co-payment Plaintiff was charged or paid.  Without these most basic factual allegations, Plaintiff's Complaint amounts to nothing more than conclusory allegations unable to survive a Motion to Dismiss.

### **Exhaustion of Remedies**

It is well recognized that ERISA participants must exhaust an ERISA plan's internal review procedures before bringing claims in federal court.  *Galman v. Prudential Ins. Co. of Am.*, 254 F.3d 768, 770 (8th Cir. 2001) ("In this circuit, [claimants] must exhaust [ERISA] procedure before bringing claims for wrongful denial to court.").  Defendant's plan provides a procedure for making claims and an appellate procedure for the resolution of disputes arising from claims.

Plaintiff argues that exhausting administrative remedies is unnecessary because such exhaustion would be futile.  *See Burd v. Union Pacific Corp.*, 223 F.3d 814, 817 n.4 (8th Cir. 2000).  In the alternative, Plaintiff argues that if required to exhaust administrative remedies, Plaintiff's letter to Defendant, more

specifically, the Missouri Appeals Grievance Unit of BlueCross/BlueShild, on April 5, 2007, satisfied the requirement.  Plaintiff's letter identified Plaintiff as the enrollee, gave his identification number and group number, requested that the plan administer accept the letter as notice of Plaintiff's claim, and requested a refund of the improperly charged fees plus interest.  However, this Court declines to give credence to such a distorted view of administrative remedies exhaustion when the administrative procedure was both allegedly begun and exhausted *after* Plaintiff filed suit.

## Conclusion

Plaintiff has failed to sufficiently establish standing; therefore this Court does not have jurisdiction over Plaintiff's complaint.  Defendant's Motion to dismiss Plaintiff's Amended Complaint is therefore granted.

Accordingly,

**IT IS HEREBY ORDERED,** Defendant's Motion to Dismiss, [Doc. No. 20], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff may, within 14 days from the date of this Order, request  leave to file an Amended Complaint.

Dated this 30th day of January, 2008.

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE