UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| QUINN JAMES, individually and as Representative of a Class of Similarly Situated Individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:07CV709 HEA |
| HMO MISSOURI, INC. – BLUE CHOICE. | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Third Motion to Dismiss, [Doc. No. 35]. Plaintiff opposes the motion and has filed suggestions in opposition to Defendant's motion. Defendant filed a reply to Plaintiff's suggestions. Plaintiff then filed supplemental authority. Defendant responded to Plaintiff's submission of supplemental authority. For the reasons set forth below, Defendant's motion is granted.

Defendant moves to dismiss Plaintiff's Second Amended Complaint for failure to exhaust administrative remedies as required by ERISA.

### **Facts**

The facts are fully set out in the Court's Opinion, Memorandum and Order of January 30, 2008 and therefore will not be repeated herein.

## Discussion

As this Court has previously noted, it is well recognized that ERISA participants must exhaust an ERISA plan's internal review procedures before bringing claims in federal court. *Galman v. Prudential Ins. Co. of Am.*, 254 F.3d 768, 770 (8th Cir. 2001) ("In this circuit, [claimants] must exhaust [ERISA] procedure before bringing claims for wrongful denial to court."). See also *Wert v. Liberty Life Assurance Co. of Boston, Inc.*, 447 F.3d 1060 (8th Cir.2006).(A participant was required to exhaust remedies as long as the participant has notice of the review procedure, even if the plan, insurance contract, and denial letters described the review procedure in permissive terms and failed to provide explicit notice of the exhaustion requirement. *Id.* at 1063.) Defendant's plan provides a procedure for making claims and an appellate procedure for the resolution of disputes arising from claims.

Plaintiff argues that he has in fact exhausted his administrative remedies through his letter to Defendant on April 5, 2007. Plaintiff's letter identified Plaintiff as the enrollee, gave his identification number and group number, requested that the plan administer accept the letter as notice of Plaintiff's claim, and requested a refund of the improperly charged fees plus interest. However, this Court found that this letter, sent after the institution of this suit failed to satisfy the

exhaustion requirement. Plaintiff has presented nothing new to establish that something other than the request for information and notice of claim has been submitted to Defendant.

Plaintiff argues, relying on *Bridgeman v. Group Health Plan*, Case Number 4:07CV282 TCM, (E.D. Mo. 2007) and *Holling-Fry v. Coventry Health Care of Kansas City*, 07-0092-CV-W.ODS, (W.D. Mo. 2007), that exhaustion is not necessary because he seeks recovery under the Missouri Regulation 20 C.S.R. 400-7.100. This argument is unpersuasive because, as Defendant correctly observes, Plaintiff is not solely relying on this regulation, but rather, Plaintiff alleges that Defendant violated the terms of the Plan at issue herein as well.

Nor can Plaintiff argue that the fact that he seeks injunctive and declaratory relief absolves him from the exhaustion requirement. See *Michael v. American Intern. Group, Inc.* 2006 WL 5736351, 1 -3 (E.D.Mo. 2006). ("Because the Court has determined that Plaintiff must exhaust her administrative remedies before pursuing relief in this Court, Plaintiff's request for injunctive relief will be denied as moot at this time. After the administrative review process has been completed, Plaintiff may pursue any relief to which she believes she is entitled.").

Likewise, Plaintiff's argument that he is absolved from exhaustion because exhaustion would be futile is equally without merit. Plaintiff never afforded

Defendant the opportunity to resolve his claim, much less an appeal. There is nothing in the record before the Court to establish that all efforts to resolve the claim at the administrative level would be futile. There is simply nothing presented by Plaintiff to raise even a suspicion that Defendant would have denied his claims. "For application of the futility exception, it is not enough for a plaintiff to speculate that his appeal will be denied. In order to establish that an appeal would be futile, a plaintiff must show that it is "certain" that a claim would have been denied on appeal. *Smith v. Blue Cross & Blue Shield United of Wisconsin*, 959 F.2d 655, 659 (7th Cir.1992)." *Goewert v. Hartford Life & Acc. Ins. Co.* 442 F.Supp.2d 724, 728 -731 (E.D.Mo. 2006).

## Conclusion

Based upon the Court's previous ruling and those set forth herein, the Court concludes that Plaintiff has failed to sufficiently state a cause of action. Plaintiff's Third Amended Complaint fails to demonstrate that he has exhausted his administrative remedies such that this matter is ripe for judicial determination. As such, Defendant's Motion is well taken.

Accordingly,

**IT IS HEREBY ORDERED,** Defendant's Motion to Dismiss, [Doc. No. 35 is granted.

**IT IS FURTHER ORDERED** that upon the exhaustion of the administrative remedies available to Plaintiff, Plaintiff may again seek judicial review.

Dated this 21st day of July 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE